O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CV 13-08372 DDP (CWx) |
| Plaintiff, | ) ) | **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CLAIM AND ANSWER OF CLAIMANT TROY OLSON AND TO ENTER DEFAULT JUDGMENT** |
| v. | ) ) | |
| $28,268.00 IN U.S. CURRENCY, | ) ) | [DKT. NO. 18] |
| Defendants. | ) ) | |

Presently before the Court is the Government's motion to strike Claimant Troy Olson's claim and answer and to enter default judgment (the "Motion"). (Docket No. 18.) For the reasons stated in this order, the Motion is GRANTED.

**I. Background**

Plaintiff United States of America (the "Government") brings this forfeiture action against the Defendant $28,268.00 in U.S. currency ("Defendant Currency"), alleging that the Defendant Currency represents proceeds of narcotics trafficking or was intended to be used to facilitate narcotics trafficking. (See generally Complaint, Docket No. 1.) Claimant Troy Olson ("Olson"), proceeding pro se, timely filed a claim to the Defendant Currency

and an answer to the Government's complaint. (Docket Nos. 8, 10.) A litigation schedule was issued and the Government began discovery regarding Olson's claimed interest in the Defendant Currency.

The Government now moves to strike Olson's claim and answer, arguing that Olson has failed to answer, without objection, the Government's March 25, 2014 written discovery requests. Olson initially failed to respond to the written interrogatories and document requests. As a result, the parties entered into a stipulation, approved by Magistrate Judge Woehrle on May 14, 2014 and issued as a court order, that Olson would have until May 30, 2014 to respond to the discovery. (See Docket Nos. 16, 17.) The Government now contends that although Olson prepared and sent answers to the interrogatories, those responses are "non-responsive, incomplete and indecipherable." (Motion, Docket No. 18, p.2.) Further, Olson has not produced a single document in response to the Government's document request. (Id.) Olson failed to correct these deficiencies in his responses, even when the Government requested that Olson supplement his responses. (Id.) As a result, the Government moves to strike Olson's claim to the Defendant Currency and his answer to the complaint pursuant to Rule 37 and to have default judgment entered in the Government's favor. Olson has not filed any opposition to the Motion.

**II. Legal Standard**

"If a party ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: ... (iii) striking pleadings in whole or in part; ... (vi) rendering a default judgment against the

disobedient party." Fed. R. Civ. P. 37(b)(2)(A). "A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).

### III. Discussion

Claimant Olson has failed to file any opposition to the Motion. Pursuant to Local Rule 7-12, Olson's failure to file an opposition to the Motion "may be deemed consent to the granting ... of the motion." Therefore, the Court may grant the Motion on that basis alone. However, the Court also finds that the Motion may be granted on the merits.

The Government had made a sufficient showing that Olson failed to properly comply with court orders regarding discovery and that follow-up efforts by the Government to attempt to obtain proper discovery responses from Olson were unsuccessful. Though Olson, proceeding pro se, eventually responded to the interrogatories, his handwritten responses are often brief and non-responsive. (See Docket No. 19, Notice of Errata, Exh. E.) Even were the Court to accept Olson's interrogatory responses as sufficient, Olson's response to the Government's request for production is woefully insufficient, as Olson never produced a single document in response to the Government's request. Instead, Olson listed the documents that, apparently, are responsive to those requests. (See id. at p.8.) Counsel for the Government then sent Olson a letter, dated

1  June 11, 2014, informing Olson that the discovery responses were
2  insufficient and that this Motion would follow if the deficiencies
3  were not corrected. (Rodgers Decl., Docket No. 18, ¶ 7; see also
4  Exh. F.) Therefore, the Government has established that Olson
5  failed to comply with a court order by not properly responding to
6  the discovery specifically ordered by Magistrate Judge Woehrle and
7  failing to correct identified deficiencies in the responses
8  provided.

9  Further, the Court finds that the factors in this case weigh
10 in favor of striking Olson's claim. The first two factors weigh in
11 favor of granting the Motion, as the litigation cannot proceed
12 expeditiously with Olson continuing to fail to comply with
13 discovery requests, to which the Government needs responses in
14 order to prosecute its forfeiture action. Though there may be
15 prejudice to Olson as a result of granting the Motion, Olson's
16 failure to oppose the Motion, coupled with the prejudice to the
17 Government if it were forced to await proper responses that may
18 never be produced, weighs in favor of granting the Motion. As to
19 less drastic sanctions, the Government was already forced to obtain
20 an order from Judge Woehrle stating that Olson must respond to the
21 Government's requests by May 30, 2014. The responses received were
22 insufficient, especially as to the lack of production of any
23 documents. The Government then informed Olson of the deficiencies
24 in his responses and gave him nearly another month to supplement or
25 correct his responses. Therefore, Olson has already been given the
26 benefit of less drastic action and multiple opportunities to
27 respond properly. Finally, although the fourth factor weighs
28 against granting the Motion (as it always does), a decision on the

merits is impossible where the Government cannot obtain the discovery to which it is entitled. Therefore, the Court finds that the factors weigh in favor of granting the Motion.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS the Motion. Olson's claims and answer are therefore stricken, and the Court enters default judgment in favor of the Government.

IT IS SO ORDERED.

Dated: September 25, 2014

DEAN D. PREGERSON
United States District Judge